**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00627-CR

———————————

**DAVID SIGLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case No. 5576**

---

## MEMORANDUM OPINION

A Houston Municipal Court jury convicted appellant, David Sigler, of speeding in a school zone and assessed a fine of $125. Appellant appealed to the Harris County Criminal Court at Law, which affirmed the conviction. *See* TEX.

GOV'T CODE ANN. § 30.00014(a) (Vernon 2004) (providing for appeal to county court from conviction in municipal court of record). Appellant now appeals to this Court. We review only those issues appellant raised before the reviewing county criminal court at law. *See* TEX. GOV'T CODE. ANN. § 30.00027(b)(1) (Vernon 2004) (the record and briefs on appeal in the county court at law constitute the record and briefs on appeal to the court of appeals).

## BACKGROUND

On April 22, 2010, A. Barbosa, a police officer with the Houston Independent School District, was conducting school zone enforcement near Gregory Lincoln Middle School in Harris County. Barbosa was in a school zone, which had flashing beacons and a 20-mile-per-hour posted speed limit. Barbosa clocked appellant traveling 34-miles-per-hour through the school zone. Barbosa then issued appellant a ticket for exceeding the 20-mile-per-hour speed limit in the school zone while the flashing beacons were activated.

## LAW AND ANALYSIS

In his notice of appeal to the county court at law,[1] appellant complained of two issues: (1) that his right to a speedy trial had been violated, and (2) that the

---

[1] *See* TEX. GOV'T CODE ANN. § 30.00014(c)-(d) (Vernon 2004) (providing that to perfect appeal to county criminal court, appellant must file notice of appeal and motion for new trial with municipal clerk not later than ten days after date of municipal court judgment).

municipal court lacked jurisdiction over him. The State responded in its brief that appellant waived these issues by failing to file a brief in the county court at law. However, the State noted in its brief that appellant filed a letter with the county court at law indicating that "his reasons for the Appeal are laid out in my Notice of Appeal and my Brief in Support of Notice for Dismissal for Lack of Jurisdiction."

The Government Code provides that "[a]n appellant's brief on appeal from a municipal court of record must present points of error in the manner required by law for a brief on appeal to the courts of appeal." TEX. GOV'T CODE ANN. § 30.00021 (Vernon 2004). Appellant's notice of appeal provides the two points of error referenced above, but does not meet any other requirements of Rule 38 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38. Of particular importance, the Notice of Appeal does not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

Even though appellant's Brief in Support of Notice for Dismissal for Lack of Jurisdiction does not contain all of the requisites for an appellate brief under Rule 38, it contains citations to authority. Thus, we will consider this document as appellant's appellate brief and address only the arguments raised therein to determine whether there is error in the record below. *See* TEX. GOV'T CODE ANN. § 30.00027(b)(1) (Vernon 2004)

3

Appellant argues that the trial court had no jurisdiction over him because "he has the Right to travel without interference from the State until such time as a Corpus Delecti or Damaged Party has come forward and signed a complaint." Essentially, appellant complains that the municipal court had no jurisdiction over him "[s]ince no party has come forward with any damages[.]"

The statutes defining the offense of which appellant was convicted provide as follows:

TEX. TRANSP. CODE ANN. § 545.351(a) (Vernon 2011): An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

TEX. TRANSP. CODE ANN § 545.352(a): A speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful.

TEX. TRANSP. CODE ANN. § 545.356(a),(b): allows a governing body of municipality to alter the speed limits established by § 545.352(b).

TEX. TRANSP. CODE ANN. § 545.356(c): A prima facie speed limit that is altered by the governing body of a municipality under Subsection (b) or b(1) is effective when the governing body erects signs giving notice of the new limit and at all times or at other times as determined.

Per these provisions, the City of Houston enacted section 45-92 of the Code of Ordinances, which provides, "Whenever signs are posted giving notice of the maximum legal speed limit so established for a particular street or portion thereof, it shall be unlawful for any person to drive or operate any vehicle at a rate of speed in excess of such limit. HOUSTON, TEX., REV. ORDINANCES ch. 45, art. V, § 45–92

4

(1985). Here, the signage prohibited speeds in excess of 20 miles per hour in school zones on school days while the beacons on the sign were flashing.

Following the language of the information and the statutes, to convict appellant of speeding in the school zone, the State had to prove that: (1) a certain speed limit was posted on the signs in the zone; (2) appellant was within that zone; and (3) appellant was traveling above the speed limit in that zone. Then, unless appellant rebutted the State's prima facia case of unreasonable speed, which he does not claim to have done here, the State has met its burden of proof. Damages are not an element of the offense with which appellant was charged.

Because the State was not required to prove damages, the county court at law did not err in overruling appellant's appeal on this issue.

Regarding appellant's speedy trial claim, no argument or authority is set forth in appellant's Brief in Support of Notice for Dismissal for Lack of Jurisdiction. Having failed to present this issue to the county court at law, it is also waived on appeal to this Court. *See* TEX. R. APP. P. 33.1, 38.1(h),(i).

## CONCLUSION

We affirm the judgment of the county court at law.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).